UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUVIM SONNIK,<br><br>        Plaintiff,<br><br>   v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>        Defendants. | No. 2:18-cv-0366-TLN-GGH PS<br><br><br><br>ORDER |

      Plaintiff, a person who was involved in a traffic accident, has filed a complaint against Allstate, and literally hundreds of individuals, asserting a violation of California state insurance law, and an alleged claim of discrimination in the offering of insurance benefits.

      The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The United States Constitution dictates this result insofar as Article III, section 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by Article III, section 1. See Ankenbrandt v. Richards, 504 U.S. 689, 697–99 (1992). Lack of subject matter jurisdiction may be raised at any

time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594–595 (9th Cir.1996). The burden to establish jurisdiction rests upon the plaintiff who seeks access to the federal court. Thompson v. McCombe, 99 F3d. 352, 353 (9th Cir. 1996). Plaintiff has failed to meet this burden.

A.      *Federal Question Jurisdiction*

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 537-538 (1974).

Simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id. Plaintiff here predicates his basis for federal question jurisdiction on a reference 28 U.S.C.§ 1331 which confers original jurisdiction in civil cases that "aris[e] under the Constitution, laws, or treaties of the United States." ECF No. 1 at ¶ 3. Plaintiff's basic statutory claim is a violation of California's Fair Settlement Practices Act and adverts to no federal statute or federal Constitutional provision the violation of which resulted in his claimed injury. Instead he refers to 28 U.S.C. sections 2201 and 2202 which establish the availability of the *remedy* of declaratory relief, but neither of those sections confer jurisdiction. In other words, under these statutes if there is an independent basis for federal jurisdiction, the court may award declaratory relief, but the fact that the remedy is theoretically available does not *itself* create federal jurisdiction. County of Santa Clara v. Trump, 267 F. Supp. 2d 1201, 1216 (N.D.Cal. 2017). In other words, the declaratory relief sections do *not* establish federal jurisdiction.

////

1 Secondarily, plaintiff claims jurisdiction under 28 U.S.C.§ 1343, asserting a violation of 42 U.S.C. § 1983, but a reading of that statute makes clear that it is a civil rights provision which again requires allegations that a specific federal law or Constitutional provision has been violated by a defendant acting *under color of state law*. American Mfrs. Mutual etc. v. Sullivan, 526 U.S. 40, 51 (2012). Simply doing business in a state which might be regulated by state law does not mean that the person or entity is acting "under color of state law." Id. at 51. The fact that a private company is perceived to have violated the Constitutional right of equal protection does not itself give rise to a federal claim under section 1983. There is, nor does it appear that there can be, such an allegation brought against the defendants identified in this case since their violation, if any, relates to doing business in a state which is simply regulated by the state law referenced in plaintiff's complaint. Whether a claim is stated under section 1981 is not before the court.

*B.     Diversity Jurisdiction*

28 U.S.C. grants the federal court jurisdiction between citizens of the state who are suing citizens of another state so long as the damages alleged exceed $75,000. The purpose of diversity jurisdiction is to provide a "neutral" forum in cases where one or more of the parties is a citizen of another state or country and to protect against local prejudice that may exist in state courts. J. A. Olson Co. v. Wiona, Miss., 818 F.2d 401, 404 (5th Cir. 1987); Asher v. Pacific Power and Light Co., 249 F.Supp. 671, 674 (N.D.Cal. 1965). Here plaintiff alleges that the first named defendant, Allstate Insurance Company, is amenable to jurisdiction under this statute as it fits the criteria of section 1332(c)(1), i.e., it is a corporation incorporated under the laws of State of New York and has its principal place of business in a State other than the State of Connecticut.[1] The court will assume the reference to Connecticut is a typographical error and plaintiff meant to say its principal place of business is *not* California, thus establishing diversity between himself and Allstate. If the court is correct, and Allstate were the *only* defendant named, plaintiff would be close to establishing diversity jurisdiction. However, he must demonstrate *complete* diversity

---

[1] To assure a jurisdictional basis plaintiff should allege where defendant's principal place of business is, rather than where it is not.

3

between himself and *each and every* of the defendants named.  See 28 U.S.C. § 1332(a)(1).  Plaintiff does not even attempt to do so here.

*CONCLUSION*

In light of the foregoing it is clear that the plaintiff has not stated a viable basis for jurisdiction in this court as the Complaint now stands.  Plaintiff is further advised that if he names individual defendants, each and every one of those defendants must have participated in some way in the violation of rights complained of.

IT IS THEREFORE ORDERED that:

1. The complaint is dismissed with leave to amend in conformity with the findings of this Court;

2. Within 30 days of the date of this Order the plaintiff will file an amended complaint; failure to do so will result in a recommendation that the case be dismissed.

**IT IS SO ORDERED.**

Dated: February 26, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE