UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUVIM SONNIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-00366-TLN-GGH<br><br>FINDINGS AND RECOMMENDATIONS; ORDER |

　　　　Plaintiff is appearing pro se and has requested in forma pauperis ["IFP"] status. The court has reviewed the IFP application and the affidavit filed by plaintiff, ECF No. 2, and has determined that he has insufficient funds to be able to pay the fees and costs associated with this case. Plaintiff will, therefore, be granted IFP status.

　　　　On February 26, 2018 the court issued an Order dismissing plaintiff's initial complaint for failure to demonstrate federal jurisdiction with leave to amend in conformity with the guidance provided in the Order. ECF 3. Plaintiff filed a First Amended Complaint on March 27, 2018. ECF No. 4.

*FIRST AMENDED COMPLAINT*

　　　　In his First Amended Complaint plaintiff has identified three potential federal claims upon which jurisdiction may be established: 42 U.S.C. section 2000e and 42 U.S.C. sections 1981,

1

1983. In general plaintiff alleges that these statutes provide claims based upon the alleged discrimination practiced against him by defendant Allstate Insurance Company and a plethora of its employees, associated agents and attorneys based on his ethnicity. Section 1981 is a permissible basis for such a finding against Allstate only, section 1983 and section 2000e are not. Plaintiff has also set forth three state law causes of action (supplemental jurisdiction) which will not be the subject of discussion herein on their merits. Finally, Plaintiff was previously advised that suing anyone and everyone associated with Allstate was impermissible.

A.   *42 U.S.C. SECTION 2000* (6th Cause of Action)

The entire gravamen of this many faceted statute, generally referred to as Title VII, is to eradicate discrimination in employment. "Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Anderson v. Benedict, 2012 WL 962863 *2 (E.D.Cal. 2012). Id., § 2000e–2(a)(1)..

Plaintiff, however, is not claiming he was discriminated against either by his employer or by a potential employer. Rather plaintiff is complaining that he entered into a contractual relationship with defendant Allstate Insurance Co.["Allstate"] and that Allstate failed to fulfill its contractual promises based on an alleged pattern of discrimination against minorities, including plaintiff, who is of Russian descent. Thus this action may not proceed pursuant to 42 U.S.C. 2000e.

B.   *42 U.S.C, SECTION 1981* (5th Cause of Action)

Plaintiff also raises this code section as a basis for a claim against Allstate. This statute states:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

penalties, taxes, licenses and exactions of every kind, and to no other.

(b) 'Make and enforce contracts' defined

For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of law.

Plaintiff claims that Allstate, by whom he is contractually insured, treated him differently when assessing his insurance claim and determining the value of his claim than it did other insured persons because he is of Russian origin. This claim falls squarely within the terms of 42 U.S.C., section 1981. However plaintiff also purports to sue 120 individual defendants who appear to be employees and agents of Allstate and attorneys representing Allstate for purposes of claims adjustment. He does not claim, nor does it seem possible that he could claim, that he has any contractual relationship with these individuals and thus they are not amenable to suit under section 1981 and they should be dismissed from this action.

Finally plaintiff also names the Yolo County Superior Court and two Judges who sit in that court as defendants. As with the other individual defendants, there is no claim, nor could there be, that plaintiff was in a contractual relationship with these three named defendants. Further, state courts and judicial officials are immune from suit. "Judges are immune from damage suits for judicial acts taken within the jurisdiction of their courts. Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir 1986). As this court has noted before, this immunity extends even when the judge erred in a ruling or acted in excess of his authority. Todd v. Shoopman, 2012 WL 3631563 (E.D.Cal. 2012). Thus this action cannot continue against Superior Court Judges Cortes and White. See also Powell v. Superior Court of California, Placer County, 2016 WL 7212799 (E.D.Cal. 2016) *citing* Demoran v. Witt, 781 F.2d 155, 168 (9th Cir. 1985)

3

Neither may district courts review or act in contravention of determinations of state courts which is what plaintiff apparently seeks when he names the Yolo County Superior Court as a defendant. The courts of California may not be sued because of Eleventh Amendment immunity. Hedges v. Superior Court, 2014 WL 5603982 (C.D. Cal. 2014) and cases cited therein.

C.  SECTION 1983 (4th Cause of Action)

Plaintiff was previously advised in the previous Order that Allstate, in performing the alleged acts, was not a state actor involving actions taken under color of state law. This claim should be finally dismissed.

D.  SUPPLEMENTAL STATE CLAIMS

Plaintiff also claims Allstate violated the terms of California Code of Regulations section 25995.7 which establishes standards for the prompt, fair and equitable settlement of insurance claims, and expressly disallows "discrimination in [the insurer's] claims settlement practices based upon the claimant's age, race, gender, income, religion, language, sexual orientation, ancestry, national origin, or physical disability, or upon the territory of the property or person insured." Having established federal jurisdiction by stating a claim pursuant to a federal statute – 42 U.S.C. section 1981 – plaintiff may maintain this action under the court's supplemental jurisdiction for state claims brought conjunctively with federal claims and based upon the same general set of facts alleged in support of that federal claim. The court therefore will exercise supplemental jurisdiction over the claims brought under the California Fair Settlement Practices Act pursuant to 28 U.S.C. section 1367.

However, plaintiff in no way links the myriad of individuals that he has sued with any of the state actions. Having been previously advised that he must do so, the undersigned will recommend that all individual defendants be dismissed.

*CONCLUSION*

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1.  All named individual defendants other than Allstate be dismissed from this action;

2.  The First Amended Complaint proceed pursuant to 42 U.S.C. section 1981 and the supplemental state claim jurisdiction discussed above against defendant Allstate Insurance

4

Company only; the 42 U.S.C. section 2000e (6th Cause of Action) and section 1983 (4th Cause of Action) claims be finally dismissed as to all defendants;

The Findings and Recommendations above are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS HEREBY ORDERED;

1. Service on Allstate Insurance Company is deemed to be appropriate;

2. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of this court's status order, without prepayment of costs;

3. The Clerk of the Court shall send plaintiff one USM-285 form for the named defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and this court's status order;

4. Plaintiff is directed to supply the U.S. Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for the defendant;

    b. One completed USM-285 form for the defendant;

    c. One copy of the endorsed filed complaint for the defendant, with an extra copy for the U.S. Marshal;

    d. One copy of this court's status order for the defendant; and

    e One copy of the instant order for the defendant.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. If the defendant waives service, he is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

8. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

DATED: April 20, 2018

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE