UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUVIM SONNIK, | No. 2:18-cv-00366-TLN-GGH |
| Plaintiff, | |
| v. | **ORDER** |
| ALLSTATE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

Plaintiff Ruvim Sonnik's ("Plaintiff"), proceeding pro se, brings this current motion to set aside the dismissal of his case entered on August 29, 2018. (Mot. Set Aside, ECF No. 10; Order of Dismissal, ECF No. 8.) Defendant Allstate Insurance Company has not filed an opposition to Plaintiff's motion. For the reasons set forth below, Plaintiff's Motion to Set Aside Judgement is hereby GRANTED.

///
///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2018 the magistrate judge issued Findings and Recommendations recommending that all Defendants except Allstate Insurance Company be dismissed from the action. (ECF No. 5 at 4.) The Findings and Recommendations further stated that the First Amended Complaint filed on March 27, 2018 could only proceed under 42 U.S.C. § 1981 and any related state claims pleaded pursuant to the Court's supplemental jurisdiction. (ECF No. 5 at 4–5.) The magistrate judge ordered Plaintiff to provide all necessary documents to the U.S. Marshall to effect service within fourteen days from the date of the Order and to file a statement with the Court attesting that those documents had been submitted as ordered. (ECF No. 5 at 5.) Plaintiff was warned that failure to comply with the Court request could result in a recommendation that the action be dismissed by this Court. (ECF No. 5 at 6.) Plaintiff took no action and did not file any objections, nor did he comply with the Court's direction to provide the U.S. Marshal with service documents. Accordingly, on August 29, 2018 this Court adopted the magistrate judge's Findings and Recommendations and ordered that case be closed. (ECF No. 8 at 2.)

Plaintiff claims he did not respond to or comply with the Court's order because he was out of the country at the time the Court issued the order. (ECF No. 10 at ¶¶ 12–13.) Plaintiff claims he was visiting family living in a war-torn area of Ukraine, which Plaintiff points out is in an active conflict with Russia. (ECF No. 10 at ¶¶ 7–8.) Plaintiff claims that because of his absence he was inadvertently unaware of the Court's order, and as a result failed to comply within the Court's stated timeline. (ECF No. 10 at ¶ 12.) Plaintiff requests the Court grant his motion to set aside the Order based on "mistake, surprise, inadvertence or excusable neglect" under Federal Rule of Civil Procedure 60(b)(1). (ECF No. 10 at 1.)

# II. LEGAL STANDARD

Under Rule 60(b)(1), the Court may grant reconsideration of a final judgment or any order based on mistake, inadvertence, surprise, or excusable neglect. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

Courts analyzing whether to grant reconsideration on the basis of excusable neglect employ an "equitable analysis" which includes the following factors:

> (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993)).

A district court abuses its discretion when it fails to apply the four-factor *Pioneer* equitable balancing test to cases in which the test is appropriate. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261–62 (9th Cir. 2010). Further, courts balancing the *Pioneer* factors may not apply a per se rule as per se rules are inconsistent with Supreme Court authority in *Pioneer* on the issue of excusable neglect. *Id.* (citing *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)).

### III. ANALYSIS

In deciding whether Plaintiff has shown excusable neglect the Court must consider the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223–24 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). Courts have interpreted "excusable neglect" as encompassing errors made due to "mere neglect" of the petitioner. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 n.11 (9th Cir.2002) (citing *Pioneer,* 507 U.S. at 394). "The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence." *Pincay*, 389 F.3d at 861 (Berzon, J., concurring). The Court addresses each factor in turn.

A. <u>Prejudice</u>

The first *Pioneer* factor looks at whether the opposing party will be unduly prejudiced should the Court determine the neglect to have been excusable. *Bateman*, 231 F.3d at 1223. "'Prejudice requires greater harm than simply that relief would delay resolution of the case' or would force the nonmoving party to litigate the case on the merits." *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009)).

3

This case was dismissed on August 29, 2018, (ECF No. 8 at 2) and Plaintiff filed his motion to set aside the judgment on September 26, 2018 (ECF No. 10). The potential for prejudice to Defendant here is minimal. While there maybe be an increased cost of continuing to defend the lawsuit, the most apparent potential harm is a five-month delay in the resolution of the case, which on its own is insufficient to deny Plaintiff's motion. *See Lemoge*, 587 F.3d at 1196.

B. Length of Delay and its Impact on the Proceedings

Motions under Rule 60(b)(1) must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

The Court notes the length of delay is not merely the delay between this Court's judgment on August 29, 2018 (ECF No. 9) and Plaintiff's motion on September 26, 2018 (ECF No. 10), but rather, from the magistrate judge's initial order on April 20, 2018, (ECF No. 5) to the present motion. *See e.g.*, *Souliotes v. City of Modesto*, No. 115CV00556LJOSKO, 2017 WL 1273824, at *3 (E.D. Cal. Jan. 20, 2017), *aff'd*, 714 F. App'x 734 (9th Cir. 2018) (finding the length of delay was the time that elapsed after the plaintiff failed to file an opposition to a motion rather than after the entry of judgment).

Plaintiff brought the motion within a year of the Order. While five months is longer than many instances where courts have found the delay to be reasonable, *see e.g.*, *Augusta Fiberglass Coatings, Inc.*, 843 F.2d 808, 812 (9th Cir. 1988) (finding that the party's two-week delay between entry of a default judgement and the filing of a Rule 60 motion did not justify denying relief); *Bateman*, 231 F.3d at 1225 (finding a one-month delay in filing his Rule 60(b) was "minimal"), Plaintiff's motion was still within the one-year timeframe. Further taking into consideration the facts of the case, the finality for Plaintiff if denied, the reason for delay, and Plaintiff's ability to learn of the delay sooner, the Court finds this factor to be in Plaintiff's favor.

///

4

C. Reason for Delay and Good Faith

The third and fourth prongs require the Court to examine the reason for delay, and whether the party was acting in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 394–95. Given that the analysis turns on equitable principles, the Court may grant relief if the conduct resulted from negligence or carelessness as opposed to willfulness. *Bateman*, 231 F.3d at 1225.

Here, Plaintiff claims that he missed the Court's deadline because he was out of the country visiting family, which is not a particularly strong reason for delay. *See Batemen*, 231 F.3d at 1225 (finding that Plaintiff's counsel leaving the country showed a lack of regard for the court's docket and was a "weak" reason for delay.) Despite a "weak" reason for the five-month delay, Plaintiff has not missed any additional deadlines imposed by the Court. Therefore, the missed deadline seems to be a true case of negligence or carelessness as opposed to willful or devious bad faith. *See Serrano v. United States*, No. CR-F-02-05319-LJO, 2011 WL 5873387, at *5 (E.D. Cal. Nov. 22, 2011) (finding that even Plaintiff's repeated failures to comply with Court deadlines did not rise to the level of bad faith).

After weighing all four factors the Court finds that the equitable analysis falls in favor of allowing Plaintiff Rule 60(b)(1) relief. Accordingly, the Court GRANTS Plaintiff's motion to set aside the dismissal.

**IV. CONCLUSION**

For the reasons set forth above, the Court finds that Plaintiff made a showing of excusable neglect. Therefore, Plaintiff's motion to set aside judgment is hereby GRANTED as to the Court's dismissal of the case against Defendant Allstate Insurance Company.

As previously ordered in the findings and recommendations, (ECF No. 5) and this prior Court's adoption of those findings, (ECF No. 8) it is HEREBY ORDERED that:

1. All named individual defendants other than Allstate be dismissed from this action;
2. The First Amended Complaint shall proceed pursuant to 42 U.S.C. section 1981 and the supplemental state claim jurisdiction against Defendant Allstate Insurance Company only; the 42 U.S.C. section 2000e (6th Cause of Action) and section 1983 (4th Cause of Action) claims be finally dismissed as to all defendants;

3. Service on Allstate Insurance Company is deemed to be appropriate;
4. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within **ninety days** of the date of this order, all process pursuant to Fed. R. Civ. P. 4, including a copy of the magistrate court's status order, without prepayment of costs;
5. The Clerk of the Court shall send Plaintiff one USM-285 form for the named defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge, and the magistrate court's status order;
6. Plaintiff is directed to supply the U.S. Marshal, **within 14 days from the date this order is filed**, all information needed by the Marshal to effect service of process, and shall file a statement with the Court that said documents have been submitted to the United States Marshal. The Court anticipates that, to effect service, the U.S. Marshal will require at least:
    a. One completed summons for Defendant;
    b. One completed USM-285 form for Defendant;
    c. One copy of the endorsed filed complaint for Defendant, with an extra copy for the U.S. Marshal;
    d. One copy of this court's status order for Defendant; and
    e. One copy of the instant order for Defendant.
7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.
8. If the Defendant waives service, he is required to return the signed waiver to the United States Marshal. If the Marshal has already attempted personal service, the filing of an answer or a responsive motion will not relieve a defendant from the potential obligation to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814, Tel. No. (916) 930-2030.

Further, it is ORDERED that:

10. The Clerk of the Court is directed to reopen this case.
11. Plaintiff's failure to comply with these orders may result in dismissal of this case with prejudice.

IT IS SO ORDERED.

Dated: December 18, 2018

Troy L. Nunley
United States District Judge